IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: AUBREY JAY MILLER,<br>SHIRLEY ANN MILLER,<br><br>DEBTORS. | )<br>)<br>)   CASE NO. 15-11394 SAH<br>)   CHAPTER 7<br>) |
| ALLY FINANCIAL, INC.<br><br>PLAINTIFF,<br><br>vs.<br><br>AUBREY JAY MILLER,<br>SHIRLEY ANN MILLER,<br>J. MILLER TRUCKING, INC.,<br>DEBORAH H HUPFER,<br>COLLATERAL SERVICES OF<br>INDIANA, LLC.,<br>FENNER AND ASSOCIATES,<br>BRIAN FENNER, AND<br>FRANCIS LENNEX,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)   ADVERSARY NO. 15-01236 SAH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS DUE TO LACK OF JURISDICTION FOR DEFENDANTS COLLATERAL SERVICES OF INDIANA, LLC., FENNER AND ASSOCIATES, BRIAN FENNER AND FRANCIS LENNEX, BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING**

COME NOW the Defendants, Collateral Services of Indiana, LLC., Fenner and

Associates, Brian Fenner and Francis Lennex by and through their counsel,

Stephen A Harry, and files this supplemental brief to support the original Motion to

Dismiss that was filed October 30, 2015, (document 26). This supplemental brief is

1

offered to the Court as per the Court Order dated November 30, 2015, (document 28). The Defendants respectfully request the Court to dismiss the Defendants due to lack of jurisdiction and in support of this Motion states and alleges as follows:

## THE FACTS

On July 20, 2015, the Plaintiff, Ally Financial, Inc.,filed their Complaint against several defendants which included the four Defendants, Collateral Services of Indiana, LLC., Fenner and Associates, Brian Fenner, and Francis Lennex who file this Motion.

On July 22, 2015, the Plaintiff filed its Amended Complaint, [Doc. 2] and alleged state law claims of (1) Tortious Interference with Contract and (2) Conspiracy to Commit Fraud against these Defendants.

On October 7, 2015, Defendants filed their Answer to the Amended Complaint and denied any liability as to the claims by the Plaintiff. In the affirmative defenses of the Defendant's answer they included lack of subject matter jurisdiction and the complaint is not a core proceeding under the Bankruptcy Code.

On October 14, 2015, Defendants filed their Jury and Jurisdiction Acknowledgment and Consents Form [Doc. 19] as requested by the Court and the Defendants did not consent to entry of final orders and judgment by the Court.

## *BRIEF IN SUPPORT*

In *Gardner v. United States,* 913 F.2d (10th Cir. 2010) the Court stated that bankruptcy courts have only the jurisdiction and powers expressly or by necessary implication granted by Congress. *Johnson v. First Nat'l Bank of Montevideo,* 719 F.2d 270, 273 (8th Cir. 1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). Bankruptcy courts have jurisdiction over core proceedings.

*15181518 *See* 28 U.S.C. § 157. Core proceedings are proceedings which have no existence outside of bankruptcy. *In re Alexander,* 49 B.R. 733, 736 (Bankr.D.N.D. 1985). Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings. *In re Wood,* 825 F.2d 90, 96 (5th Cir. 1987). The claims alleged against the Defendants are state-law claims against a third party defendant and not a Debtor or Trustee. The claims made against the Defendants can stand on their own merit outside the Bankruptcy Court jurisdiction. In fact, the claims contained in this adversary have been filed in Marion County Superior Court No. 10 in the State of Indiana. The civil case was filed prior to the filing of this adversity and these Defendants have retained counsel in Indiana and filed their answer and requested a jury trial.

    The United States Court of Appeals Tenth Circuit issued an opinion, In re *Renewable Energy Development Corporation*, July 28, 2015 and cited the Supreme Court's decision in *Stern v. Marshall,* U.S., 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), indicating the distinction between core and non-core proceedings concerns over the allocation between the bankruptcy courts and the district courts of the power to issue final orders. The Tenth Circuit stated in this opinion that Stern held that when a "claim is a state law action…and not necessarily resolvable by a ruling on the creditor's proof of claim in Bankruptcy it implicates private rights and thus is not amenable to final resolution in bankruptcy court" *In re Renewable Energy Development Corp*. at 8.

    The state law claims made against these Defendants do not affect the bankruptcy estate and these claims are private rights and currently in state court action (Note: the plaintiff has amended their state court claim once to date and reduce one count). The claims brought by the Plaintiff against the third partied Defendants are not core claims. The Tenth

3

Circuit has established procedures when "private rights" or non-core claims are raised in bankruptcy courts. Today, the Tenth Circuit direct state claims, which do not affect the bankruptcy estate to state courts.

In *Wellness Int'l Network*, 135 S. Ct. 1932 (2015) the Court delineated between Article III courts and Article I courts and the establishment that Defendants cannot be directed to Article I courts for non-core claims without the consent of the parties. The Defendants did not consent to the jurisdictional issue and executed the Court's consent form as such (filed 10-14-15 Doc. 19).  Even where a court may have jurisdiction, it is not required to hear a case before it, but may exercise its discretion to abstain. 28 U.S.C. §1334 (c)(1); *Fornaro*, 402 B.R. at 107-108.

WHEREFORE, for the reasons stated above the Defendants respectfully request the Court to dismiss the Adversary Complaint as to Collateral Services of Indiana, LLC., Fenner and Associates, Brian Fenner and Francis Lennex and such other and further relief as the court deems just and proper.

Dated this 4th day of December, 2015.

Respectfully Submitted,

   /s/Stephen A Harry
Stephen A Harry, OBA #20499
4101 Perimeter Center Dr. Suite 110
Oklahoma City, OK 73102
(405) 384-8746—telephone
(405) 577-5701—facsimile
stephenaharry@sahlawoffice.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of Decenber, 2015, a true and correct copy of the Defendants Collateral Services of Indiana, LLC., Fenner and Associates, Brian Fenner, and Francis Lennex Supplemental Brief in Support of the Motion to Dismiss due to Lack of Jurisdiction was electronically served using the CM/ECF system namely:

United States Trustee
Brian J Rayment, Esq
Jerry D Brown, Esq.
B David Sisson, Esq.


        /s/ Stephen A Harry_____