IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE:   JAY AUBREY MILLER, | ) | |
| SHIRLEY ANN MILLER, | ) | |
| | ) | CASE NO. 15-11394 |
| DEBTOR. | ) | Chapter 7 |
| | ) | |
| ALLY FINANCIAL INC., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | ADVERSARY NO. 15-01236 |
| | ) | |
| JAY AUBREY MILLER, | ) | |
| SHIRLEY ANN MILLER, | ) | |
| J. MILLER TRUCKING, INC., | ) | |
| DEBORAH H. HUPFER, | ) | |
| COLLATERAL SERVICES OF | ) | |
| INDIANA, INC., | ) | |
| FENNER AND ASSOCIATES, | ) | |
| BRIAN FENNER, AND | ) | |
| FRANCIS LENNEX, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S SUR-REPLY IN RESPONSE TO**
**<u>DEFENDANTS' MOTIONS TO DISMISS</u>**

Plaintiff, Ally Financial Inc. ("Ally"), for its response to the motions to dismiss by Defendants, Deborah K. Hupfer, Collateral Services of Indiana, LLC., Fenner and Associates, Brian Fenner and Francis Lennex, ("Movants") for lack of jurisdiction, objects to the motions and states that the reply briefs submitted by Defendants fail to address the fact that this case involves a conspiracy by all Movants to defraud the estate,

1

as well as its creditors, including Ally, in relation to property of the estate. The motions should be denied for the reasons that:

1. Plaintiff's Complaint includes claims seeking a denial of a discharge of Defendants, Jay Aubrey Miller and Shirley Ann Miller, pursuant to 11 U.S.C. Section 727(a)(2)(A); damages for tortious Interference with contract against Defendants Deborah H. Hupfer, Collateral Services of Indiana, LLC, Fenner and Associates, Brian Fenner, and Francis Lennex; and damages for against all Defendants for Conspiracy to Commit Fraud in relation to the bankruptcy case and property of the estate.

2. Movants assert that all but the Section 727 claims of the Complaint against them should be dismissed because the claims involved are traditional state court tort claims, that this court lacks jurisdiction under 28 U.S.C. §157(b)(3) and that they have not consented to jurisdiction under FRBP Rule 7008.

3. This Court's order of November 20, 2015, (Doc. 28) directed Movant's to file reply briefs due to Movants' failure to cite controlling authority in their initial briefs ("Defendants should have offered controlling precedent issued by the Tenth Circuit involving similar facts.", Doc 28, page 3). However, even in their Reply briefs, Defendants' have failed to provide applicable authority.

4. Movants cite to *Loveridge v. Hall (In re Renewable Energy Dev. Corp.)*, ____ F.3d _____, (10th Cir. July 28, 2015), however, the decision in *Loveridge* made clear that the facts of that case have little bearing on the case at hand. As stated in *Loveridge,* "This case has but little to do with bankruptcy. Neither the debtor nor the creditors, not even the bankruptcy trustee, are parties to it.". Here, the case involves a

conspiracy between the debtors, their counsel, and the Indiana Defendants (purported creditors of the estate,) who have committed fraud with regard to property of the estate. Nothing could be more directly related to and negatively impact the Bankruptcy Code, the Bankruptcy Court, and the Bankruptcy Estate than the actions of the Defendants/ Movants herein.

5. Bankruptcy Courts have properly asserted jurisdiction over actions involving conversion and breach of fiduciary obligations by trustees. *In re Ferrante*, 51 F.3d 1473 (9th Cir. 1995), (action involving conversion and trustee's breach of fiduciary obligations), *In Re: Gorski*, 766 F.2d 723 (2nd Cir. 1985) (action involving breach of fiduciary obligations by trustee). Clearly, the actions in *In re Ferrante* involve state court claims, but they related to actions directly impacting the estate and its administration, the very areas of jurisdiction afforded to the Bankruptcy Court by statute. The powers of the Bankruptcy Court should be no different when applied to actions of the Debtors, Debtors counsel and creditors that adversely affect the bankruptcy estate.

6. Movants have engaged in practices that are directly involved with the administration of the bankruptcy case. They paid funds to Debtor's counsel to file this case, entered into the TSAA transactions which were used to pay attorney's fees and abused the bankruptcy process for their own personal gain and benefit and to the detriment of Plaintiff and other creditors similarly situated who have interest in the property of the estate affected by Defendants' wrongful conduct.

7. Because a bankruptcy court's authority to enter final judgments is limited to core matters, those matters that are simply "related to" a bankruptcy case but are not

3

"cases under title 11" or "core proceedings arising under title 11, or arising in a case under title 11" are excluded. 28 U.S.C. § 157(b)(1). The district courts may enter final judgments in those non-core bankruptcy related matters but the bankruptcy courts may not. 28 U.S.C. § 157(c)(1).

8. *Stern v. Marshall,* 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), addresses the interaction between the federal district courts and the bankruptcy courts. The fact that a controversy is controlled by state law is insufficient, in and of itself, to remove the matter from the core of federal bankruptcy jurisdiction and deprive a bankruptcy court of authority, under 28 U.S.C. § 157(b), as limited by *Stern,* to enter a final judgment. Section 157 provides that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3).

9. Here, the Indiana Defendants cannot at this time challenge this court's jurisdiction over them, as they have appeared generally in the bankruptcy case, having filed their appearance therein and requesting service of notices on September 25, 2015 (ECF Doc. 41 in the bankruptcy case). As stated in *Wellness Intern. Network, Ltd., v. Sharif*, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015):

> The lesson of *Schor, Peretz,* and the history that preceded them is plain: The entitlement to an Article III adjudicator is "a personal right" and thus ordinarily "subject to waiver," *Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, at 848, 106 S.Ct. 3245, 92 L.Ed.2d 675. Article III also serves a structural purpose, "barring congressional attempts 'to transfer jurisdiction [to non-Article III tribunals] for the purpose of emasculating' constitutional courts and thereby prevent [ing] 'the encroachment or aggrandizement of one branch at the expense of the other.'" *Id.,* at 850, 106 S.Ct. 3245 (citations omitted). But allowing Article I adjudicators to decide claims submitted to them by consent does not offend the

4

separation of powers so long as Article III courts retain supervisory authority over the process.

Here, by entering their appearance in the bankruptcy case, asserting a lien claim against property of the estate, and selling the estate property in violation of the stay, the Indiana Defendants have waived any objection to having the claims at issue herein adjudicated by the Bankruptcy Court, especially when the issues relate to Ally and the Indiana Defendant's competing claims to property of the estate. As stated in *In re Commercial Financial Services, Inc.,* 251 B.R. 414 (2000):

> There are, to be sure, constitutional applications of Section 542(b). For example, an entity that has asserted a claim against the estate has affirmatively subjected itself to the core equitable jurisdiction of the bankruptcy court to adjust the debtor-creditor relationship, and thus that entity is subject to all of the provisions of the Bankruptcy Code, including Section 542's powerful injunctive provisions. In *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the Supreme Court summarized its prior relevant decisions as follows:
>
>> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S., at 58–59, and n. 14, 109 S.Ct., at 2799–2800, and n. 14 (citing *Katchen, supra,* 382 U.S., at 336, 86 S.Ct., at 476).

The adjudication of these competing claims may be performed by an Article I court in connection with the specialized regulatory scheme established for bankruptcy relief. *See, e.g., Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 54, 109 S.Ct. 2782, 2797, 106 L.Ed.2d 26 (1989).

10.   Other courts that have addressed the impact of section 105 on situations such as this have found that administration of disputes with transportation and storage lien claimants against property of the estate is a core matter. *In Re: McCann*, SNDY

(2015), (Exhibit "A") and *In Re: Parsons,* SDNY (2015) (Exhibit "B").  The decisions are well reasons, as the bankruptcy process and those who follow the rules are adversely affected by actions such as those at issue herein.

 Wherefore, Plaintiff, Ally Financial Inc. prays that this court deny Defendants' Motions to Dismiss.

        KIVELL, RAYMENT & FRANCIS, PC
        A Professional Corporation

        By: *s/Brian J. Rayment*
        Brian J. Rayment, OBA #7441
        Triad Center, Suite 550
        7666 E. 61st Street
        Tulsa, OK 74133
        Ph.: (918) 254-0626, x205
        Fax: (918) 254-7915
        Email: brayment@kivell.com

        Attorneys for Plaintiff
        Ally Financial Inc.

**CERTIFICATE OF SERVICE**

I, Brian J. Rayment, hereby certify that on the 17th day of December 2015, a true and correct copy of the above and foregoing instrument was served using the Court's ECF System upon the following parties:

Jerry D. Brown on behalf of Defendant Deborah Hoover Hupfer, c/o jdbrownpc@sbcglobal.net, jdbrown341@sbcglobal.net; jdbrown@oklahoma.net

Stephen A Harry on behalf of Defendants FENNER AND ASSOCIATES, COLLATERAL SERVICES OF INDIANA, LLC, BRIAN FENNER, FRANCIS LENNEX, c/o stephenaharry@sahlawoffice.com, steveaharry@yahoo.com

B David Sisson on behalf of Defendants Aubrey Jay Miller and Shirley Ann Miller, c/o sisson@sissonlawoffice.com

and via US Mail, postage prepaid to:

J Miller Trucking, Inc.
127 Sooner Rd
Shawnee, OK

*s/ Brian J. Rayment*
_____
Brian J. Rayment