**Dated: August 19, 2016**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| AUBREY JAY MILLER and | ) | Case No. 15-11394-SAH |
| SHIRLEY ANN MILLER, f/k/a Shirley Ann Herman, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ALLY FINANCIAL, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 15-01236-SAH |
| | ) | |
| AUBREY JAY MILLER, SHIRLEY ANN MILLER, | ) | |
| J. MILLER TRUCKING, INC., DEBORAH H. HUPFER, | ) | |
| COLLATERAL SERVICES. OF INDIANA, L.L.C., | ) | |
| FENNER AND ASSOCIATES, BRIAN FENNER, | ) | |
| and FRANCIS LENNEX, | ) | |
| | ) | |
| Defendants. | ) | |

### SETTLEMENT CONFERENCE ORDER

Pursuant to Local Rule 7016-1.F, a judicial settlement conference for this adversary proceeding is hereby set before **United States Bankruptcy Judge Janice D. Loyd at 9:30 A.M. on Monday, October 17, 2016.** All persons who shall attend the conference should report to

Judge Loyd's chambers located on the 2nd floor, U.S. Bankruptcy Court, 215 Dean A. McGee Avenue, Oklahoma City, Oklahoma.

    1.    <u>REQUIRED ATTENDANCE</u>:  The following parties must attend:

    (a)    **Named Parties.**  Each named party shall attend the conference. If any party is not a natural person, a representative of that party with knowledge of the relevant facts shall attend the settlement conference.

    (b)    **Lead Trial Counsel.**  Lead trial counsel for each named party shall attend the conference.

    (c)    **Persons with Full Settlement Authority.**  For each party in the case, a person with full settlement authority must attend the conference. Absent leave of Court:

    (i)    each person named as a party and an authorized representative of any party that is a corporation or other entity shall be designated as persons with full settlement authority whose attendance is required; and

    (ii)    a party's representative may not be an attorney who has entered an appearance in this case.

Accordingly, a plaintiff's representative must have full settlement authority, <u>in the representative's sole discretion</u>, to authorize dismissal of the adversary proceeding with prejudice, or to accept a settlement amount down to the defendant's last settlement offer.

A defendant's representative must have full settlement authority, <u>in the representative's sole discretion</u>, to commit the defendant to pay a settlement amount up to the plaintiffs' last settlement demand.

**2.      SETTLEMENT CONFERENCE STATEMENT REQUIRED:**  Each party is required to submit a settlement conference statement **no later than 12:00 P.M. on Friday, October 7, 2016.**  Settlement conference statements shall be submitted directly to Judge Hall, in the care of her clerk, Jim Bellingham, at jim_bellingham@okwb.uscourts.gov, and to all other counsel of record and *pro se* parties.

The settlement conference statement should not be filed and will not be made part of the adversary proceeding file.  The statement must set forth the relevant positions of the parties concerning factual issues, legal issues, and the settlement negotiation history of the adversary proceeding, including a recitation of any specific demands and offers that may have been conveyed.  The statement should be in 12-point font, double-spaced and should not exceed five (5) type-written pages.  Pertinent evidence to be offered at trial, if particularly relevant, may be brought to the settlement conference.

**3.      CONFIDENTIALITY:**  The settlement conference statements and all communications occurring during the settlement conference are confidential.  Except as otherwise permitted under Fed. R. Evid. 408, as made applicable to the above-captioned proceedings by Fed. R. Bankr. P. 9017, or other provision of federal law, such statements and communications may not be used by any party in the trial of the adversary proceeding.  Any motion by counsel or reports by the settlement judge, including those concerning noncompliance with the Local Rules, shall not violate confidentiality.

**4.      PRIOR SETTLEMENT DISCUSSIONS REQUIRED:**  Prior to the settlement conference, the parties are required to have settlement discussions so that the issues and boundaries of settlement have been thoroughly explored in advance of the conference.  In the

event that a settlement is reached before the settlement conference, the parties must notify the settlement judge immediately.

5. **SETTLEMENT CONFERENCE FORMAT:** The purpose of the settlement conference is to provide a meaningful opportunity for settlement on terms agreed upon by the parties. The conference format permits an informal discussion among the attorneys, parties, non-party indemnitors or insurers, and the settlement judge of every aspect of the lawsuit bearing upon settlement. The settlement judge may converse privately with the lawyers, the parties, the insurance representatives, or any one of them, as applicable.

6. **REQUESTS FOR RELIEF FROM THIS ORDER:** Any request for relief from any aspect of this Order may be made initially by telephone to Judge Loyd's chambers. The Court may require that the request for relief be made in writing. Before contacting the Court, counsel should consult with other counsel to determine whether the relief requested is opposed.

7. **CONSEQUENCES OF NON-COMPLIANCE:** Upon certification by the settlement judge of circumstances showing non-compliance with this Order, corrective action may be taken as permitted by law. Such action may include contempt proceedings and/or assessment of costs, expenses, and attorney fees, together with any additional measures deemed by the Court to be appropriate under the circumstances.

**IT IS SO ORDERED.**

# # #